NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY KEITH JONES, | No. 17-15605 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-01032-RM |
| v. | |
| THERESA SCHRODER, Administration Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Arizona state prisoner Gregory Keith Jones appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Glenn*

*v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011), and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Jones's access-to-courts claim related to the withholding of affidavits in 2013 because Jones failed to raise a genuine dispute of material fact as to whether defendants caused injury to a nonfrivolous or arguable underlying claim. *See Phillips v. Hust*, 477 F.3d 1070, 1075-76 (9th Cir. 2007) (setting forth elements of an access-to-courts claim relating to a lost opportunity to present a legal claim), *vacated on other grounds*, 555 U.S. 1150 (2009).

The district court properly granted summary judgment on Jones's legal mail claim relating to the withholding of Jones's mail in 2013 because Jones failed to raise a genuine dispute of material fact as to whether the subject mail constituted legal mail. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (stating that legal mail must "be specially marked as originating from an attorney, with his name and address being given, if [it is] to receive special treatment").

The district court properly granted summary judgment on Jones's retaliation claim and legal mail claim related to the withholding of his mail in 2012 because Jones failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on

the merits).” (citation, internal quotation marks, and emphasis omitted)).

**AFFIRMED.**